IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____

GARDENIA D. DENNY, JEROME )
LEWIS, PHILLIP HUYNH, JARVIS )
JOHNSON and BRANDON DOBBS, )

    Plaintiffs, )    **CIVIL ACTION**
    ) **FILE NO. _____**
- v- )

ASBURY AUTOMOTIVE GROUP, INC., )    <u>JURY TRIAL DEMANDED</u>

    Defendant. )
_____ )

## <u>COMPLAINT</u>

COMES NOW the above-named plaintiffs ("Plaintiffs") by undersigned

counsel and, complaining against Asbury Automotive Group, Inc. ("Asbury"),

allege as follows:

## <u>JURISDICTION AND VENUE</u>

1.

Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §§

201, *et seq.* ("FLSA"), the Declaratory Judgment Act, 28 U.S.C. § 2201, applicable

federal regulations and rules, and Georgia law.  This Court's jurisdiction is invoked

pursuant to said federal statutes and 28 U.S.C. §§ 1331 and 1337.

2.

Asbury is a Delaware corporation with a principal office located within this judicial district at 2905 Premiere Parkway NW, Suite 300, Duluth GA 30097. Asbury may be served with process upon its registered agent for service, National Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

3.

Venue is proper in this Court under 28 U.S.C. § 1391.

**PARTIES**

4.

Asbury is a public corporation and the sixth largest automotive retailer in the United States, with 80 retail auto stores representing 29 brands and approximately 7000 employees, according to its website www.asburyautomotive.com and public filings.

5.

Among the various affiliated automobile and truck sales and service businesses owned and operated by Asbury are 11 automobile dealerships doing business in the metropolitan Atlanta area under the Nalley name (the "Nalley dealerships"), including Nalley Infiniti of Decatur located at 1609 Church Street in

Decatur, Georgia ("Nalley Infiniti") and Nalley Nissan located at 1625 Church Street in Decatur, Georgia ("Nalley Nissan").  Upon information and belief, Asbury's acquisition of the Nalley dealerships was completed May 1, 2007.

6.

As to Plaintiffs and all similarly situated current and former employees of the automobile and truck sales and service businesses owned and operated by Asbury, including the Nalley dealerships, Asbury is an employer within the meaning of the FLSA § 203(d) and is not an exempt employer under the FLSA.

7.

Asbury employs or employed each of the above-named Plaintiffs and similarly situated employees during the period from May 2, 2008 to the present (hereafter the "relevant period").

8.

Asbury and its employees who hold or held one or more of the positions discussed in this Complaint engaged and engage in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

9.

Plaintiff Gardenia D. Denny resides in East Point, Georgia and worked for Asbury within this judicial district during the relevant period as what Asbury refers

to as a "technician," "service technician" or "detailer."  Plaintiff Denny continues to work for Asbury in such capacity.

10.

Plaintiff Jerome Lewis resides in Decatur, Georgia and worked for Asbury within this judicial district during the relevant period as what Asbury refers to as a "technician," "service technician" or "detailer."  Plaintiff Lewis continues to work for Asbury in such capacity.

11.

Plaintiff Phillip Huynh resides in Hapeville, Georgia and worked for Asbury within this judicial district during the relevant period as what Asbury refers to as a "technician," "service technician" or "detailer."  Plaintiff Huynh continues to work for Asbury in such capacity.

12.

Plaintiff Jarvis Johnson resides in Stone Mountain, Georgia and worked for Asbury within this judicial district during the relevant period as what Asbury refers to as a "courtesy washer."  Plaintiff Johnson continues to work for Asbury in such capacity.

13.

Plaintiff Brandon Dobbs resides in Lithonia, Georgia and worked for Asbury

within this judicial district during the relevant period as what Asbury refers to as a "courtesy washer."  Plaintiff Dobbs continues to work for Asbury in such capacity.

## COUNT I:  VIOLATIONS OF FLSA
## UNPAID MINIMUM WAGES AND OVERTIME

### 14.

Plaintiffs incorporate herein by reference as if restated verbatim each of the foregoing paragraphs and all paragraphs in subsequent counts of this Complaint.

### 15.

Plaintiffs and all similarly situated current and former employees of Asbury held during the relevant period one or more of the following positions (as such positions are commonly or officially known at Asbury), or substantially equivalent job positions known by a different job title but with similar duties:  "Technician," "Service Technician," "Detailer," or "Courtesy Washer."

### 16.

The principal job function of an Asbury "Technician," "Service Technician," "Detailer," "Courtesy Washer," or similar position, is to clean or detail vehicles. All such Asbury employees are engaged in manual non-skilled labor and are similarly situated for purposes of the FSLA and applicable law pertaining to collective actions.

17.

Generally speaking, Asbury "Technicians," "Service Technicians," "Detailers," or "Courtesy Washers" are required to work a specific schedule and to clock in and out.

18.

Plaintiffs and other current and former Asbury "Technicians," "Service Technicians," "Detailers," or "Courtesy Washers" regularly perform and performed manual labor and unskilled work, including cleaning vehicles, picking up, driving, parking or preparing vehicles for delivery to customers, and running various errands for a dealership.

19.

Plaintiffs and other current and former Asbury "Technicians," "Service Technicians," "Detailers," or "Courtesy Washers" regularly worked without scheduled breaks and/or lunch periods during the relevant period.

20.

Plaintiffs and other current and former Asbury "Technicians," "Service Technicians," "Detailers," or "Courtesy Washers" regularly worked beyond their scheduled work hours during the relevant period, and continue to do so (as to such current employees).

21.

Asbury failed to pay Plaintiffs and other current and former Asbury "Technicians," "Service Technicians," "Detailers," or "Courtesy Washers" the standard minimum wage required by the FLSA for all regular hours worked during the relevant period, and continues to fail to properly compensate such current employees for all hours worked as required by law.

22.

Plaintiffs and other current and former Asbury "Technicians," "Service Technicians," "Detailers," or "Courtesy Washers" regularly worked in excess of 40 hours per week during the relevant period, and continue to do so (as to such current employees).

23.

Asbury did not compensate Plaintiffs and other current and former Asbury "Technicians," "Service Technicians," "Detailers," or "Courtesy Washers" for all hours worked during the relevant period in excess of 40 per week on a basis of not less than one and one-half times the regular rate of pay, and continues to fail to properly compensate such current employees for overtime as required by law.

24.

Asbury failed to accurately track and record all hours worked during the

relevant period by Plaintiffs and other current and former Asbury "Technicians," "Service Technicians," "Detailers," or "Courtesy Washers," and continues to do so (as to such current employees).

25.

Upon information and belief, all individuals employed by Asbury during the relevant period as a "Technician," "Service Technician," "Detailer," or "Courtesy Washer" or equivalent position (regardless of job title) were similarly situated to Plaintiffs in various ways, including the following:

- their primary job duties involved manual, unskilled labor;

- their primary job duties included cleaning or detailing vehicles;

- their actual hours worked were not accurately recorded and documented by Asbury as required by the FLSA;

- they worked overtime on a regular basis;

- they were not paid bona fide commissions;

- they are non-exempt under the FLSA;

- they were not properly compensated with respect to the FLSA's minimum wage and overtime requirements

26.

Upon information and belief, during the relevant period Asbury employed

hundreds of individuals as a "Technician," "Service Technician," "Detailer," "Courtesy Washer," or an equivalent position (regardless of job title) who are similarly situated to Plaintiffs.

27.

At all times relevant, Asbury failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207, as to the Plaintiffs and all similarly situated current and former Asbury employees.

28.

Upon information and belief, Asbury classified and/or deemed its "Technicians," "Service Technicians," "Detailers," and "Courtesy Washers" (or employees who performed these responsibilities regardless of their titles) as "exempt" employees under or more of the FLSA's exemption provisions.

29.

Neither the primary duties of, nor Asbury's manner of computing compensation for, "Technicians," "Service Technicians," "Detailers," and "Courtesy Washers" (or employees who performed these responsibilities regardless of their titles) supports an exemption from overtime under the FLSA.  Each Plaintiff and current or former "Technician," "Service Technician," "Detailer," and

"Courtesy Washers," and all individuals in an equivalent position (regardless of job title), was not and is not exempt from the overtime compensation requirements of the FLSA.

30.

Upon information and belief, Asbury's control over its automobile and truck dealerships is centralized through its headquarters offices in Duluth, Georgia and extends to all material aspects of the employer-employee relationship, including decisions regarding compensation, job classification, duties, responsibilities, qualifications, training and recruiting.

31.

Asbury's compensation policy with respect to all employees who held the above-listed positions, including its classification as "exempt" for any period of time any of said positions or the employees who performed these responsibilities (regardless of job title), and any other conduct designed to systematically reduce and avoid the payment of overtime was and is a company-wide policy designed, implemented and enforced by Asbury for the purpose of willfully and knowingly avoiding the payment of overtime wages required by law

32.

Plaintiffs bring Count I of this action on behalf of themselves and all other

similarly situated current and former Asbury employees who consent to representation, pursuant to 29 U.S.C. § 216(b), for unpaid wages and overtime compensation.  Each Plaintiff consents to the filing of this action as shown in the consent forms attached hereto and collectively marked <u>Exhibit A</u>.

33.

Plaintiffs anticipate that other current and former employees who worked for Asbury during the relevant period (and continue to do so, as to current employees) in one or more of the job positions identified above or equivalent position (regardless of job title) will exercise their right under the FLSA to join or "opt-in" to this litigation pursuant to 29 U.S.C. § 216(b) and pursue similar claims against Asbury.

34.

As to each Plaintiff and similarly situated current or former Asbury employee who consents to join this action, Asbury violated the FLSA by failing during the relevant period to pay at least the required minimum wage for all regular hours worked, by failing to pay overtime for all hours worked over 40 in each work week at the required rate, and by failing to accurately track and record all hours worked.  Asbury is liable to each Plaintiff and similarly situated current or former Asbury employee who consents to join this action for Asbury's violations of

the FLSA and all compensation due under the FLSA as minimum wages or overtime pay at the rate of one and one-half times the regular hourly rate of pay.

35.

Under the FLSA, Plaintiffs and all similarly situated current and former Asbury employees who consent to join this action are entitled to liquidated damages equaling an additional 100% of all minimum or overtime wages that, when due, were not paid as a result of the above alleged violations of the FLSA.

36.

Plaintiffs and all similarly situated current and former Asbury employees are entitled to prejudgment interest on all unpaid minimum wages and overtime compensation through the date of trial as a result of the above alleged violations of the FLSA.

37.

Plaintiffs and all similarly situated current and former Asbury employees are entitled to an award of costs, including reasonable attorneys' fees, as a result of the above alleged violations of the FLSA.

38.

Plaintiffs and all similarly situated current and former Asbury employees are entitled in the Court's discretion to injunctive and other equitable relief available

under the FLSA, or other applicable law, to remedy and enjoin Asbury's violations

of the FLSA.

## COUNT II:  DECLARATORY JUDGMENT

### 39.

Plaintiffs incorporate herein by reference as if restated verbatim each of the

foregoing paragraphs and all paragraphs in subsequent counts of this Complaint.

### 40.

Upon information and belief, the United States Department of Labor

("DOL") recently investigated Asbury's employee compensation practices and

found one or more violations of federal wage and hour laws.

### 41.

After learning of the DOL's investigation, Asbury offered certain Plaintiffs

and similarly situated current or former employees payments that, if accepted,

purported to compensate them for some or all of their unpaid wages and overtime

hours, as determined by Asbury (collectively, the "Payments").  Upon information

and belief, Asbury, in seeking the acceptance of the Payments, represented to each

such Plaintiff and similarly situated current or former employee, or otherwise lead

him to believe, that (a) the reason for the Payment was that wages or overtime

compensation was previously due and owing but was unpaid by Asbury; (b) that

the amount of the Payment was accurate and would fully compensate him for the wages or overtime compensation due but unpaid; (c) that as a condition to obtaining the Payment, he must sign a statement indicating a specific number of hours for which he was not properly compensated and a dollar amount owed, that he reviewed Asbury's calculations, is satisfied that the hours shown in Asbury's statements are as accurate as can be reasonably calculated, that he understands the manner by which Asbury calculated the Payment, and that he agrees with the statement, or a substantially similar statement (collectively, the "Statements"); and (d) that if he declined to sign the Statement he would not be paid the wages that Asbury indicated in the Statement are owed to him.

## 42.

Upon information and belief, in the usual course of business Asbury does not condition the payment of wages required by the FLSA and due and owing upon the signing of a statement by an employee.

## 43.

With respect to each such offer by Asbury of the Payments, Asbury admitted to violating the FLSA by failing to pay when due minimum wages or overtime compensation to its current and former employees, including Plaintiffs, and that the unpaid wages due were not less than the amount shown in the respective

Statements.

44.

Upon information and belief, the Payments were not based upon (and are not supported by) proper documentation and records of actual hours worked, were not properly calculated, and do not represent the full amount of unpaid wages, liquidated damages and other relief due Plaintiffs and similarly situated current or former employees under the FLSA as a result of Asbury's admitted violations of the FLSA.

45.

Upon information and belief, Asbury did not offer the Payments nor require signatures on the Statements in good faith.  Rather, in conditioning payment of back wages Asbury admitted were required by the FLSA upon signing a Statement, Asbury specifically intended to lead current and former employees of Asbury to believe that its admitted failure to pay wages owed under the FLSA would be corrected by the Payments in order to induce them to sign the Statements and forgo any efforts or action to collect the full amount of all unpaid wages, an equal amount as liquidated damages, prejudgment interest, costs and attorneys' fees. Asbury's actions in offering the Payments and seeking signatures on the Statements were intended to minimize Asbury's liability and financial exposure for admitted

FLSA violations and to otherwise deter or preclude Asbury's current and former employees from exercising their FLSA rights, resulting in the least possible expense to Asbury, and evidence that Asbury's violations of the FLSA were willful.

46.

Upon information and belief, during the DOL's investigation of wage and hour issues at Asbury, Asbury deliberately failed to timely and completely provide records and documentation requested by the DOL and otherwise failed to fully cooperate with the DOL.

47.

Upon information and belief, Asbury took steps, including its deliberate failure to timely and completely provide documents and records requested by the DOL, intended to impede the DOL's investigation and delay any action to enforce FLSA rights by the DOL or by Asbury current and former employees so that the running of the FLSA's limitations period would reduce Asbury's liability for violations of the FLSA and resulting employee claims thereunder.

48.

The process by which Asbury calculated the Payments, its review and analysis of any purported documentary support for such calculations, and its

particular efforts and interactions with individual current or former employees as to whom Asbury offered the Payments were not overseen nor supervised by the Department of Labor.  Because the DOL did not supervise Asbury's payments of unpaid wages or overtime compensation owed to Plaintiffs and similarly situated current or former Asbury employees, under 29 U.S.C. § 216(b) neither the acceptance by any Plaintiff or other current or former Asbury employees of any such Payments nor their signing of any Statements constitutes a waiver by such employee of any of his rights under the FLSA, including the right to recover the full amounts owed by Asbury based upon its violations of the FLSA.

49.

Upon information and belief, Asbury contends that the acceptance of Payments and/or signing of Statements by Plaintiffs and any similarly situated current or former Asbury employees constitutes a waiver by such employees of FLSA rights, including the right to recover the full amounts owed by Asbury based upon its violations of the FLSA.

50.

There is an actual and justiciable controversy between the parties as to whether acceptance of the Payments and/or signing of Statements by Plaintiffs and any similarly situated current or former Asbury employees constituted a waiver of

rights under FLSA, which controversy requires resolution by this Court.

51.

Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the Court may declare the rights of each Plaintiff and similarly situated current and former Asbury employee who accepted a Payment and/or signed a Statement and, in particular, that such acceptance of aPayment and signing of a Statement does not waive nor otherwise affect their rights under the FLSA.

52.

Plaintiffs, on behalf of themselves and all similarly situated current or former Asbury employees who consent to join this action, seek judicial declarations that as a matter of law:

(a) each offer by Asbury of a Payment and each Statement presented to a current or former employee by Asbury is an admission to violations of the FLSA in failing to pay minimum wages or overtime compensation when due;

(b) acceptance of a Payment did not waive or otherwise affect any FLSA rights;

(c) signing a Statement did not waive or otherwise affect any FLSA rights; and

(d) each Plaintiff and similarly situated current and former Asbury employee

who consents to join this action who accepted a Payment and/or signed a Statement is nonetheless entitled to recover all amounts due under the FLSA, including:

(i) all unpaid minimum wages or overtime compensation earned during the relevant period;

(ii) an amount equal to all unpaid minimum wages or overtime compensation earned during the relevant period but not paid when due as a result of a violation of the FLSA (including, at a minimum, an amount equal to any Payment that was accepted or shown in a Statement) as liquidated damages;

(iii) prejudgment interest costs and attorneys' fees as allowed by law.

## COUNT III:  FLSA RETALIATION

53.

Plaintiffs incorporate herein by reference as if restated verbatim each of the foregoing paragraphs and all paragraphs in subsequent counts of this Complaint.

54.

Plaintiff Gardenia Denny is a long-term employee of Asbury and the Nalley dealerships, having worked at a Nalley dealership since 1997.  Prior to 2008, Denny had a good job record and performed his job duties in a fully satisfactory manner free of repeated reprimands or other criticism of his job performance.

55.

In late 2008, Plaintiff Denny complained to one of his supervisors, Ricky Mills, that his pay check failed to include and did not account for compensation for certain "commissions" (as characterized by Asbury) that he had earned for vehicles he had washed or detailed. Thereafter, Asbury repeatedly diverted or otherwise omitted similar earnings from Denny's pay checks and did not compensate him for those earnings. Additionally, Asbury, through the acts of one or more of Denny's supervisors, began to intentionally divert cleaning and detailing jobs with the purpose and effect of substantially reducing his earnings. Upon information and belief, Asbury's actions to reduce or preclude Denny's earnings were in reprisal for his complaints about unpaid compensation required by the FLSA.

56.

On or about January 22, 2009, Plaintiff Denny reported to the DOL that Asbury repeatedly underpaid and otherwise failed to properly compensate him. The DOL promptly initiated an investigation of the wage and hour issues at Asbury identified and reported by Denny.

57.

On or about January 23, 2009, Plaintiff Denny's supervisor, Ricky Mills,

approached Denny and inquired about the fact that he had complained about his wages and reported Asbury's wage and hour issues to the DOL. Mills complained to Denny that Denny had gone to the DOL, and he threatened Denny. At that time, Denny requested again that Asbury correct his pay, which it again failed to do.

58.

After Plaintiff Denny identified and reported wage and hour issues at Asbury to the DOL, Asbury disciplined Denny by way of repeated reprimands for alleged job infractions. The reprimands were materially adverse to Denny, were not in good faith nor objectively reasonable, lacked a legitimate business basis and, upon information and belief, were intended as reprisals for reporting Asbury's wage and hour issues to the DOL. Further, after Denny reported to the DOL Asbury's wage and hour issues the company, through various acts of one or more of Denny's supervisors, intentionally and systematically diverted numerous cleaning and detailing jobs from him with the intended purpose and effect of substantially reducing Denny's earnings by preventing him from opportunities to earn compensation characterized by Asbury as "commissions," all in reprisal for reporting Asbury's wage and hour issues to the DOL.

59.

Upon information and belief, Asbury, through the acts of one or more of

Plaintiff Denny's supervisors, intended to and did retaliate against Denny by the foregoing and other similar alleged acts of harassment and reprisal in response to his complaints to Asbury about its wage and hour issues and his reporting of the same to the DOL.

60.

Plaintiff Denny engaged in activity protected under the FLSA and subsequently suffered materially adverse employment action by Asbury in retaliation for the protected activity, as alleged above, in violation of 29 U.S.C. § 215(a).

61.

As a direct result of the aforesaid discriminatory acts of retaliation by Asbury, Plaintiff Denny suffered substantial loss of income, great financial hardship and severe emotional distress.

62.

Plaintiff Denny is entitled to recover from Asbury all damages authorized by the FLSA and other applicable law, including such compensatory damages required to place him in the same position he would have been but for Asbury's acts of discriminatory retaliation.  Plaintiff Denny is further entitled to equitable relief to protect him from future retaliatory acts by Asbury.

## COUNT IV:  BREACH OF CONTRACT

63.

Plaintiffs incorporate herein by reference as if restated verbatim each of the foregoing paragraphs and all paragraphs in subsequent counts of this Complaint.

64.

Asbury represented to Plaintiffs that their compensation would comprise or include earnings Asbury characterized as "commissions" based upon particular types of cleaning jobs or other work performed relating to vehicles, and that Asbury would accurate and fairly calculate such commissions according to rates and formulas it predetermined, then track and timely pay them on a semi-monthly basis.

65.

Asbury agreed to pay Plaintiffs all such "commissions" (as Asbury characterized such compensation) earned.  However, certain "commissions" earned by Plaintiffs by particular cleaning jobs or other work performed relating to vehicles were omitted from their pay, in amounts to be proven at trial.  Upon information and belief, such omissions from Plaintiffs' compensation were systematic and intentional.

66.

Plaintiffs performed all services Asbury required of them to earn the subject unpaid compensation.

67.

Plaintiffs are entitled to recover all unpaid compensation together with all actual and consequential damages caused by Asbury's breach of contract, in amounts to be proven at trial.

## COUNT V:  ATTORNEYS' FEES BASED UPON ASBURY'S INTENTIONAL BREACH OF CONTRACT

68.

Plaintiffs incorporate herein by reference as if restated verbatim each of the foregoing paragraphs of this Complaint.

69.

Asbury systematically and intentionally failed to compensate Plaintiffs with certain "commissions" (as Asbury characterized such compensation) that Asbury agreed to pay in consideration for Plaintiffs' work.

70.

In failing to pay Plaintiffs "commissions" (as Asbury characterized such compensation), Asbury acted in bad faith, was stubbornly litigious, and caused unnecessary expense and trouble to Plaintiffs.

71.

As a result of the aforesaid conduct, Plaintiffs are entitled to recover from Asbury expenses of litigation in this action, including court and litigation costs and attorneys' fees pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, the Plaintiffs pray that this Court:

(a)  declare the rights and obligations of the parties as set forth in Count II above;

(b)  Award Plaintiffs and each current or former Asbury employee consenting to join this case payment for each regular hour worked during the relevant period based on the amount of the unpaid minimum wage for each hour worked during the relevant period and, for each hour worked during the relevant period in excess of forty in a work week, overtime compensation calculated at one and one-half times the normal hourly rate;

(c)  Award Plaintiffs and each current or former Asbury employee consenting to join this case liquidated damages equal to 100% of all amounts that Asbury, in violation of the FLSA, failed to pay when due as minimum wages or overtime;

(d)  Award Plaintiffs and each current or former Asbury employee consenting to join this case prejudgment interest on their unpaid minimum wage

and overtime compensation from the date of Asbury's failure to pay the same to the time of trial;

(e)  Award Plaintiffs and each current or former Asbury employee consenting to join this case attorneys' fees and expenses of litigation as allowed by the FLSA;

(f)  Award Plaintiff Denny all actual damages allowed by law, with prejudgment interest thereon, for Asbury's discriminatory retaliation in violation of the FLSA;

(g) Award Plaintiffs damages for Asbury's breach of contract, including all unpaid compensation together with all actual and consequential damages caused by Asbury's breach of contract, in amounts to be proven at trial;

(h) Award Plaintiffs attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11 for bad faith, stubbornly litigiousness, and causing Plaintiffs unnecessary expense by refusing to pay wages Asbury characterized as "commissions" and agreed to pay them;

(i) an assessment against Asbury of costs of this action, including reasonable attorneys' fees pursuant to applicable law;

(j)  a trial by jury of all issues so triable; and

(k)  all such other and further monetary and/or injunctive relief as allowed

by law and deemed just and proper by the Court and/or the jury in this case based

upon the causes of action set forth above and/or proven at trial.

Submitted this 2nd day of May, 2011.

**BROWNSTEIN NGUYEN & LITTLE LLP**


*/s/ Kevin S. Little*
Kevin S. Little
Georgia Bar No. 454225
400 Colony Square, Suite 200
1201 Peachtree Street NE
Atlanta, Georgia 30361
(404/921-4040)
ksl@bnllawfirm.com


Jay D. Brownstein
Georgia Bar No. 002590
2010 Montreal Road
Tucker, Georgia 30084
(678/921-0143)
jdb@bnllawfirm.com

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| GARDENIA D. DENNY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | **CIVIL ACTION** |
| | ) | **FILE NO. _____** |
| - v- | ) | |
| | ) | |
| ASBURY AUTOMOTIVE GROUP, INC. | ) | |
| d/b/a NALLEY INFINITI OF DECATUR | ) | |
| and NALLEY NISSAN, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONSENT TO FILING OF CLAIMS FOR OVERTIME
## UNDER THE FAIR LABOR STANDARDS ACT

I, Gardenia D. Denny, am an employee of Asbury Automotive Group, Inc.

d/b/a Nalley Infiniti of Decatur and Nalley Nissan ("Asbury"). I hold the position

of service technician as an employee of Asbury. Asbury did not pay me overtime

and/or minimum wages as required by the Fair Labor Standards Act ("FLSA"). I

hereby consent to participate as a party plaintiff and assert my claims in this action

or any separate or subsequent action against Asbury and/or related entities and

individuals pursuant to 29 U.S.C. § 216(b) on my own behalf, and on behalf of all

others similarly situated.

_____
(Signature)

Name: _____ Gardenia D. Denny _____

Address: _____ 1492 Hawthorne Way _____

_____ East Point, GA 30344 _____

Telephone: _____ (404) 798-1205 _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|   |   |
|---|---|
| GARDENIA D. DENNY, et al. | ) |
| | ) |
| Plaintiffs, | )   **CIVIL ACTION** |
| | )   **FILE NO. _____** |
| - v- | ) |
| | ) |
| ASBURY AUTOMOTIVE GROUP, INC. | ) |
| d/b/a NALLEY INFINITI OF DECATUR | ) |
| and NALLEY NISSAN, | )   <u>JURY TRIAL DEMANDED</u> |
| | ) |
| Defendant. | ) |

## <u>CONSENT TO FILING OF CLAIMS FOR OVERTIME</u>
## <u>UNDER THE FAIR LABOR STANDARDS ACT</u>

I, Jerome Lewis, am an employee of Asbury Automotive Group, Inc. d/b/a
Nalley Infiniti of Decatur and Nalley Nissan ("Asbury"). I hold the position of
service technician as an employee of Asbury. Asbury did not pay me overtime
and/or minimum wages as required by the Fair Labor Standards Act ("FLSA"). I
hereby consent to participate as a party plaintiff and assert my claims in this action
or any separate or subsequent action against Asbury and/or related entities and
individuals pursuant to 29 U.S.C. § 216(b) on my own behalf, and on behalf of all
others similarly situated.

(Signature)

Name:          Jerome Lewis

Address:       1224 Richard Rd.

               Decatur, GA 30032

Telephone:    (404) 384-7273

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| GARDENIA D. DENNY, et al. | ) | |
| Plaintiffs, | ) | **CIVIL ACTION** |
| | ) | **FILE NO.** _____ |
| - v- | ) | |
| ASBURY AUTOMOTIVE GROUP, INC. | ) | |
| d/b/a NALLEY INFINITI OF DECATUR | ) | |
| and NALLEY NISSAN, | ) | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | ) | |

## <u>CONSENT TO FILING OF CLAIMS FOR OVERTIME<br>UNDER THE FAIR LABOR STANDARDS ACT</u>

I, Phillip Huynh, am an employee of Asbury Automotive Group, Inc. d/b/a Nalley Infiniti of Decatur and Nalley Nissan ("Asbury"). I hold the position of service technician as an employee of Asbury. Asbury did not pay me overtime and/or minimum wages as required by the Fair Labor Standards Act ("FLSA"). I hereby consent to participate as a party plaintiff and assert my claims in this action or any separate or subsequent action against Asbury and/or related entities and individuals pursuant to 29 U.S.C. § 216(b) on my own behalf, and on behalf of all others similarly situated.

_____
(Signature)

Name:        Phillip Huynh

Address:        3107 Old Jonesboro Rd.

                Hapeville, GA 30354

Telephone:    (404) 803-2850

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| GARDENIA D. DENNY, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| - v- | ) |
| | ) |
| ASBURY AUTOMOTIVE GROUP, INC. | ) |
| d/b/a NALLEY INFINITI OF DECATUR | ) |
| and NALLEY NISSAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

CIVIL ACTION
FILE NO. _____


JURY TRIAL DEMANDED

## CONSENT TO FILING OF CLAIMS FOR OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

I, Jarvis Johnson, am an employee of Asbury Automotive Group, Inc. d/b/a Nalley Infiniti of Decatur and Nalley Nissan ("Asbury"). I hold the position of service technician as an employee of Asbury. Asbury did not pay me overtime and/or minimum wages as required by the Fair Labor Standards Act ("FLSA"). I hereby consent to participate as a party plaintiff and assert my claims in this action or any separate or subsequent action against Asbury and/or related entities and individuals pursuant to 29 U.S.C. § 216(b) on my own behalf, and on behalf of all others similarly situated.

_Jarvis Johnson_
(Signature)

Name: _____ Jarvis Johnson _____

Address: _____ 917 Hardwood Ct. _____

_____ Stone Mountain, GA 30083 _____

Telephone: _____ (678) 760-2364 _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| GARDENIA D. DENNY, et al.<br><br>          Plaintiffs,<br><br>- v-<br><br>ASBURY AUTOMOTIVE GROUP, INC.<br>d/b/a NALLEY INFINITI OF DECATUR<br>and NALLEY NISSAN,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CIVIL ACTION**
**FILE NO. _____**


JURY TRIAL DEMANDED

## <u>CONSENT TO FILING OF CLAIMS FOR OVERTIME</u>
## <u>UNDER THE FAIR LABOR STANDARDS ACT</u>

I, Brandon Dobbs, am a former employee of Asbury Automotive Group, Inc.
d/b/a Nalley Infiniti of Decatur and Nalley Nissan ("Asbury"). I held the position
of courtesy washer as an employee of Asbury. Asbury did not pay me overtime
and/or minimum wages as required by the Fair Labor Standards Act ("FLSA"). I
hereby consent to participate as a party plaintiff and assert my claims in this action
or any separate or subsequent action against Asbury and/or related entities and
individuals pursuant to 29 U.S.C. § 216(b) on my own behalf, and on behalf of all
others similarly situated.

_(Signature)_

Name:          Brandon Dobbs

Address:       2795 Evans Mill Rd.

               Lithonia, GA 30058

Telephone:     (678) 613-8037